# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTHONY BUTLER )
)
    Plaintiff, )
)
vs. )
) Civil Action Number
) **5:19-CV-00723-AKK**
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
)
    Defendant. )
)

## MEMORANDUM OPINION

Anthony Butler brings this action pursuant to Section 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the Administrative Law Judge's denial of disability insurance benefits, which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons explained below, the court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision—which has become the final decision of the Commissioner—is supported by substantial evidence.

## I.

Butler applied for disability, Disability Insurance Benefits, and Supplemental Security Income on March 8, 2013, alleging a disability onset date of May 18, 2012.

R. 77–78, 167–75. Butler later amended his alleged onset date to July 1, 2014.[1] R. 185. After a hearing, the ALJ issued a decision, denying Butler's applications. R. 12–24, 29–54. The Appeals Council denied Butler's request for review, and he timely appealed. R. 1–3.

## II.

The court reviews the ALJ's factual findings under the substantial evidence standard. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Substantial evidence "is more than a scintilla, but less than a preponderance: it is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citation omitted). The court must review the entire record, including the parts unfavorable to the ALJ's decision, to determine whether substantial evidence exists in support of that decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990). But the court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for the ALJ's. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). If supported by substantial evidence, the court must affirm the ALJ's factual findings even if the evidence preponderates against those findings. *Martin*, 894 F.2d at 1529.

---

[1] By amending his alleged onset date so that it postdates his application, Butler necessarily concedes that he applied for benefits in 2013 for a disability that did not arise until 2014. Butler explains that he amended the alleged onset date "to get closer to age fifty . . . for the purpose of" being placed in an older age category. Doc. 9 at 16; *see also* R. 16. The court appreciates Butler's candor, but the onset date is supposed to represent the date the claimant became disabled, not the date which is most advantageous to the claim.

In contrast to the deferential review accorded the Commissioner's factual findings, the court reviews *de novo* whether the ALJ applied the correct legal standard. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ's failure to "apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed" requires reversal. *Martin*, 894 F.2d at 1529.

### III.

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

> (4) whether the claimant is unable to perform his or her past work; and
>
> (5) whether the claimant is unable to perform any work in the national economy.

*See McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)–(f)). The claimant has the burden of proof for the first four steps, but the burden shifts to the Commissioner for the fifth step. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

## IV.

In applying the five-step analysis, the ALJ first determined that Butler had not engaged in substantial gainful activity since July 1, 2014, his amended alleged onset date. R. 18. The ALJ proceeded to Step Two of the analysis, finding that Butler did have severe impairments of a right ankle injury; right shoulder pain; non-specified vs. degenerative arthritis; and a history of cocaine and alcohol abuse. R. 18. At Step Three, the ALJ concluded that Butler did not have an impairment that met or equaled the severity of one of the listed impairments. R. 18. The ALJ then found that Butler had the residual functional capacity ("RFC") to perform a range of light work, R. 18, and that he was thus unable to perform his past relevant work, R. 22. At the final step, the ALJ found that Butler could perform other work identified by the vocational

expert. R. 23–24, 50–51. Accordingly, the ALJ concluded that Butler was not disabled for the relevant period. R. 24.

## V.

On appeal, Butler takes issue with the ALJ's RFC assessment, arguing that the ALJ erred by discounting his subjective complaints of disabling pain. At the hearing, Butler testified that he could stand on his right leg for up to two hours. R. 37–39. He testified that if he stands for more than thirty minutes or an hour, his leg starts to swell and he experiences pain. R. 38. The same is also true if he sits for more than thirty minutes or an hour. R. 41.

The ALJ concluded that Butler's testimony regarding the intensity, persistence, and limiting effects of his right ankle pain was not consistent with the other evidence in the record. R. 19. The ALJ thus held that Butler was capable of doing light work. R. 18. Specifically, the ALJ found that Butler could "stand and/or walk [for] six hours and sit [for] six hours, with a sit/stand option hourly for a few minutes, while continuing to work." R. 18. The court finds that substantial evidence supports the ALJ's decision.

Butler fractured his right ankle in a car accident four and a half years before his alleged onset date. R. 260. Butler had surgery and stayed in the hospital for four days. R. 259–97. Butler returned for several follow-up appointments over the next few months. R. 299–304. By September 2010, Butler reported that he was "not

having any significant symptoms in the ankle and [had] regained near full range of motion." R. 299. Additionally, the doctor found no signs of swelling and that Butler's gait was "essentially normal." *Id.* The doctor recommended that Butler remain in a cast boot until the next appointment in three months. *Id.* Similarly, in December, Butler reported that he was "not having any significant pain" in his ankle. R. 339. The doctor found minimal swelling, "a functional range of motion," and no "particular tenderness." *Id.* Overall, the doctor determined that Butler's ankle and joints "appear well maintained" and he approved Butler to return to regular shoe-wear with an ankle brace for support. *Id.*

Butler did not return to the doctor until 2012, complaining of "some discomfort" in his ankle. R. 337. The doctor observed that though Butler had a "milk limp" and "minimal swelling," he had a "functional range of motion." *Id.* Following x-rays, the doctor confirmed that the fracture was healed but there was some evidence of "mild degenerative arthritis." *Id.* The doctor concluded that Butler "appears to have healed satisfactorily," though there is "some residual symptoms secondary to arthritic change" in his ankle, for which the doctor "recommended conservative management" given that "functionally [Butler] appears to be doing quite well." *Id.*

Butler did not seek further treatment until March 2013—still more than a year before his alleged onset date—complaining again of pain in his right ankle. R. 311.

6

The examiner noted some limited range of motion, but the notes also rate the pain as zero on a pain scale. R. 311–12. Later that year, Butler had a consultative evaluation for his first claim for disability. R. 322–30. The doctor observed that Butler had a "normal gait," and found some tenderness with a decreased range of motion for his right ankle. R. 326, 329. The consulting physician diagnosed Butler with non-specified vs. degenerative arthritis. R. 327.

The medical evidence closer to the relevant period sheds little light on Butler's ankle injury. In December 2013 and February 2014, Butler went to a doctor for a hand injury, and he did not even mention any issues with his right ankle. R. 332–36. The only medical evidence from within the relevant period is a doctor's visit in January 2015. R. 361. The visit primarily concerned Butler's complaints of headaches. *Id.* The examiner did assess Butler with right ankle pain but said no more. R. 361–62.

Butler repeatedly cites the doctor's statement from 2012 that he has "some residual symptoms secondary to arthritic change in both the ankle and subtalar joints and likely due to a neurapraxia of the superficial peroneal nerve." R. 337. This evidence is not as decisive as Butler suggests. First, the same doctor also stated that Butler had a "functional range of motion," and that "functionally he appears to be doing quite well." R. 337. Second, finding some evidence of arthritis does not automatically prove that Butler cannot stand for more than two hours. Moreover, the

7

issue is not whether there is any objective evidence that supports Butler's claim. Instead, the issue is whether substantial evidence supports the ALJ's decision. *See Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 959 (11th Cir. 2011) (unpublished) ("The question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."). Butler's treating physicians consistently say that his ankle has healed well, and that he has a functional (albeit reduced) range of motion. *See* R. 299, 326, 337, 339. This supports the ALJ's conclusion that Butler could sit or stand for six hours, with the option to switch for a few minutes each hour.

Furthermore, the ALJ properly noted that Butler's daily activities are not consistent with his alleged limitations. Specifically, Butler acknowledged that he does a number of chores around the house, such as cleaning, laundry, household repairs, ironing, and mowing. R. 213. The ability to perform such chores is further evidence in support of the ALJ's decision.

## VI. Conclusion

The court concludes that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's final decision is due to be affirmed. A separate order in accordance with this opinion will be entered.

**DONE** the 10th day of August, 2020.

                                                _____
                                                   **ABDUL K. KALLON**
                                           UNITED STATES DISTRICT JUDGE